David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff PETUNIA PRODUCTS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS, a California corporation, <br><br>       Plaintiff, <br><br> v. <br><br> RODAN & FIELDS, LLC, a Delaware limited liability company; MOLLY SIMS, an individual; and DOES 1 through 20, <br><br>       Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Federal Trademark Infringement in Violation of 15 U.S.C. § 1114** <br><br> 2. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)** <br><br> 3. **Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c)(1)** <br><br> 4. **Contributory Trademark Infringement** <br><br> 5. **Trademark Infringement in Violation of Cal. Business & Professions Code §14200, *et seq.*** <br><br> 6. **Trademark Dilution in Violation of Cal. Business & Professions Code §14200, *et seq.*** <br><br> 7. **False Advertising in Violation of Cal. Business & Professions Code §17500, *et seq.*** |

8. **Violation of California Business & Professions Code §§ 17200, *et seq.***

**–JURY TRIAL DEMANDED–**

Plaintiff PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS® hereby complains and alleges as follows:

## PARTIES

1.     Plaintiff PETUNIA PRODUCTS, INC. (hereinafter "PPI" and/or "Plaintiff"), is a California corporation with its principal place of business located within this judicial district in Irvine, California.  Plaintiff does business under the nationally-recognized BILLION DOLLAR BROWS® brand.

2.     Defendant RODAN & FIELDS, LLC (hereinafter "RODAN & FIELDS") is a Delaware limited liability company with its headquarters located in San Francisco, California.

3.     Defendant MOLLY SIMS (hereinafter "SIMS") is an individual residing in this judicial district.

4.     Defendants Does 1 through 20, whose identities and addresses are unknown to Plaintiff PPI, are individuals and/or corporate entities that engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

5.     Plaintiff PPI is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

6.     Defendant RODAN & FIELDS and Does 1 – 20 shall be collectively referred to in this Complaint as "Defendants" where applied.

## JURISDICTION AND VENUE

7.     This action arises from infringement of a Federally-Registered Trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); from unfair competition and false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); from trademark infringement and dilution in violation of California Business and Professions Code § 14200; unfair competition and false advertising in violation of California Business and Professions Code §§ 17200, *et seq*. and 17500, *et seq*.

8.     The Court possesses subject-matter jurisdiction over the federal trademark, unfair competition, and false designation of origin or sponsorship claims in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9.     The Court possesses subject-matter jurisdiction over the California State Law claims, pursuant to 28 U.S.C. §§ 1338 and 1367.

10.     The Court may exercise personal jurisdiction over Defendants because they reside, have contacts with, and conduct substantial business within the State of California and this judicial district. Defendants offer products which directly compete with Plaintiff PPI's products in this judicial district and unlawfully use Plaintiff PPI's registered trademark in related online advertising disseminated in this judicial district and intentionally targeted to this judicial district, in order to offer competing cosmetic products for sale in this judicial district, causing tortious injury to Plaintiff PPI within this judicial district.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants transact affairs in this district, including by unlawfully offering to sell and selling infringing products in this judicial district, in connection with Plaintiff PPI's trademark.

/ / /

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

## GENERAL FACTUAL ALLEGATIONS

### A.      Plaintiff PPI's Business and its BROW BOOST® Mark.

12.     Plaintiff PPI is an international cosmetics company who, over the last 17 years, conducts business and manufactures, distributes, markets, offers for sale, and sells its cosmetic products under the Billion Dollar Brows® and Billion Dollar Beauty® trademarks.

13.     Plaintiff PPI manufactures, distributes, markets, offers for sale, and sells its products throughout various national and international retail, television, print, social media, and e-commerce channels of trade including, without limitation, QVC, Amazon, Kohl's, and via its own E-commerce sites located at the domains *https://billiondollarbrows.com/* and *https://billiondollarbeauty.com/*.

14.     Plaintiff PPI owns all right, title, and interest in the BROW BOOST® trademark which is the subject of U.S. Trademark Reg. No. 3100739 (Reg. Date June 6, 2006 in Class 3) ("BROW BOOST TRADEMARK"). A true and correct copy of the BROW BOOST TRADEMARK registration is incorporated by reference and attached as **Exhibit "A"** to this Complaint.

15.     Plaintiff's BROW BOOST TRADEMARK received incontestability status on or about August 30, 2011 as evidenced in **Exhibit "B"** to this Complaint.

16.     As a result of the extensive, exclusive, and continued use of the BROW BOOST TRADEMARK in connection with Billion Dollar Brows® brow primer and conditioner, consumers have come to recognize and identify the BROW BOOST TRADEMARK as representative of a high-quality brow primer and conditioner to be used to create a foundation for consumers' brow cosmetics.

17.     The BROW BOOST TRADEMARK has become a valuable asset of Plaintiff PPI as well as a symbol of its goodwill and positive reputation.

18.     Plaintiff PPI brings this lawsuit to protect the substantial goodwill it has developed in its distinctive BROW BOOST TRADEMARK.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

19.    Defendants' actions, alleged herein, have threatened to harm, harmed, and continue to harm and impair the goodwill and reputation for the high-quality BROW BOOST® brow primer and conditioner product Plaintiff PPI has worked hard to cultivate in an extremely competitive industry.

20.    Defendants have used the BROW BOOST TRADEMARK and/or confusingly similar marks extensively in their marketing efforts and, in particular, on social media to offer a competing cosmetic skincare product to the same consumers served by Plaintiff PPI.

**B.    Defendants' Business and Their Misconduct.**

21.    Defendants are multi-level marketing company and manufacturer specializing in skincare cosmetic products in competition with Plaintiff PPI.

22.    Like Plaintiff PPI, Defendants manufacture, distribute, market, offer for sale, and sell their skincare cosmetic products throughout various national television, print, social media, and e-commerce channels of trade and via its own E-commerce site located at the domain *https://www.rodanandfields.com/*.

23.    In or about July 9, 2020, Defendants released for sale a product utilizing Plaintiff PPI's BROW BOOST TRADEMARK called "Brow Defining Boost" ("Defendants' INFRINGING PRODUCT").

24.    Defendants' INFRINGING PRODUCT, which utilizes Plaintiff PPI's BROW BOOST TRADEMARK on its packaging and in Defendants' marketing efforts, is purported to be a "Tinted gel helps moisturize + condition for the appearance of fuller, thicker eyebrows plus visibly volumizes with renewable fibers for a natural to bold look."

25.    Actual and/or potential consumers are/were likely to be confused and/or actually deceived by Defendants' unauthorized exploitation of Plaintiff PPI's BROW BOOST TRADEMARK on Defendants' product packaging and in connection with marketing of the INFRINGING PRODUCT.

26.    On or about August 11, 2020, counsel for Plaintiff PPI directed correspondence to Defendants demanding they cease and desist of the infringing use of Plaintiff PPI's

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

BROW BOOST TRADEMARK on Defendants' INFRINGING PRODUCT. Defendants have refused to cease and desist the infringing use of Plaintiff PPI's BROW BOOST TRADEMARK on Defendants' INFRINGING PRODUCT which continues to this day.

27. Even after their receipt of notice of their infringing use, Defendants' continue to willfully exploit Plaintiff PPI's BROW BOOST TRADEMARK on the packaging and in connection with the marketing efforts of the INFRINGING PRODUCT knowing such use is likely to, and has, caused confusion and was causing actual confusion with consumers in the relevant marketplace.

28. Moreover, as a result of Defendants' misconduct, actual confusion occurred, and continues to occur, about the association between Plaintiff PPI and its BROW BOOST® product, on the one hand, and Defendants and its INFRINGING PRODUCT exploiting the BROW BOOST TRADEMARK, on the other hand. This confusion occurred because users who had searched the BROW BOOST TRADEMARK were looking for and expected to find Plaintiff PPI's website and/or information about Plaintiff PPI's BROW BOOST® product. Instead, such users were diverted to Defendants' website and INFRINGING PRODUCT.

### Defendants' Keyword Marketing Efforts

29. Defendants have infringed, and continue to infringe, upon Plaintiff PPI's rights by and through Defendants' selective keyword advertising utilizing the BROW BOOST TRADEMARK.

30. AdWords is a service provided by Google through which advertisers purchase terms (or keywords) that will trigger the display of their advertisements in Google search results.

31. When an advertiser bids on a keyword, and when an internet user enters that keyword into the Google search engine, the keyword triggers the appearance of the advertiser's advertisement in the search results. Specifically, the Google search engine presents an ordered list of relevant websites identified by the Google database with the most relevant website listed first. The Google search engine also presents a separate list

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

of websites in a "sponsored links" section, either at the top or in the right margin of the search results screen.

32.    When the user clicks on an advertisement, the user is taken to the advertiser's website.

33.    Advertisers pay Google based on the number of times internet users click on the advertiser's advertisements.

34.    Plaintiff PPI is informed and believes, and based thereon, alleges, Defendants have used Google's AdWords services to bid on multiple keywords, spending thousands of dollars in their online marketing campaign.

35.    Plaintiff PPI is informed and believes, and based thereon, alleges, Defendants, without Plaintiff PPI's consent, bid on variations of Plaintiff PPI's BROW BOOST TRADEMARK for use in Google AdWords.

36.    When an internet user searches using Plaintiff PPI's BROW BOOST TRADEMARK, with the Google search engine, Defendants' paid for advertisement, for Defendants' INFRINGING PRODUCT, utilizing the INFRINGING MARK, would, and continues to, display in the Google search results.

37.    As a result of Defendants' use of the INFRINGING MARK through Google AdWords, internet users who searched for Plaintiff PPI were diverted to Defendants' competitive website and INFRINGING PRODUCT.

38.    Moreover, as a result of Defendants' misconduct, actual confusion occurred about the relationship between Plaintiff PPI and its BROW BOOST® product, on the one hand, and Defendants and their INFRINGING PRODUCT, on the other hand. This confusion occurred because users who had searched Plaintiff PPI's BROW BOOST TRADEMARK were looking for and expected to find Plaintiff PPI's website and/or information about Plaintiff PPI's BROW BOOST® product. Instead, such users were diverted to Defendants' website and INFRINGING PRODUCT.

39.    When a consumer commences a search through the Google Search Engine by inputting the words "Brow Boost," the consumer is first confronted with paid for

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

**COMPLAINT**

advertisements by Defendants for the INFRINGING PRODUCT. Further, consumer scrolling down the search results page will find the majority of search results are for links associated with the INFRINGING PRODUCT. In the very same search results, it is not until the consumer scrolls to the second page of the search results do consumers find Plaintiff PPI's BROW BOOST® product.

40.     Defendants' infringement through the use of Google AdWords was not limited to use of the INFRINGING MARK. Plaintiff PPI is informed and believes, and based thereon, alleges Defendants engaged in a pattern and practice of bidding on related keywords directed at causing confusion between Plaintiff PPI's BROW BOOST® product and Defendants' INFRINGING PRODUCT.

### Defendants' Influencer Marketing Efforts

41.     Plaintiff PPI is informed and believes, and based thereon, alleges, Defendants, in addition to the keyword advertising misconduct, Defendants have been, and are, combining such misconduct with Influencer blogging and social media marketing efforts.

42.     An "Influencer" is a person presumed to have the power to affect the purchase decisions of others due to his/her reputation, authority, knowledge, and/or relationship with his/her social media audience (followers); this status, modernly, is of significant monetary value to corporations such as Defendant RODAN & FIELDS.

43.     Plaintiff PPI is informed and believes, and based thereon, alleges one such glaring example of Defendants' infringement utilizing an influencer is Defendants' combination of the Adword "Brow Boost" and "Molly Sims" in August 2020 about the time when Defendants launched the INFRINGING PRODUCT in the United States.

44.     Plaintiff PPI is informed and believes, and based thereon, alleges Defendant SIMS is a high profile fashion model known by many for her appearances in Sports Illustrated and on the runway for Victoria's Secret. Currently, Defendant SIMS is considered an Instagram Influencer with over 587,000 followers and she also runs her own "Beauty Everywhere" website (*https://www.mollysims.com/*) where she blogs and promotes

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

various products including cosmetic skincare products.  Among the cosmetic skincare products Defendant SIMS promotes is Defendants' INFRINGING PRODUCT.

45.  On Defendant SIMS website[1], Defendant SIMS "blogs" about and promotes the INFRINGING PRODUCT.  Included in this posting is a direct link to RODAN & FIELDS website[2] where the INFRINGING PRODUCT is promoted and available for purchase by consumers.

### Defendants' Consultants and Hashtag (#) Marketing Efforts

46.  Plaintiff PPI is informed and believes, and based thereon, alleges Defendants have over 300,000 enrolled Consultants in the United States alone who are the primary source of domestic sales for Defendants.  Defendants do not sell their Defendants' cosmetic skincare products through retailers and, while they sell Defendants' cosmetic skincare products through their website, those sales are only a small percentage of Defendants' overall sales.

47.  Plaintiff PPI is informed and believes, and based thereon, alleges becoming a Consultant of Defendants is a multi-step process where an individual must first select an existing Consultant as a sponsor, complete an Independent Consultant Application, and Agreement, and purchase a $75 "Business Starter Pack" to start their RODAN & FIELDS business.  Applicants must also review and agree to the terms and conditions of the Application and Defendants' Policies and Procedures.

48.  Plaintiff PPI is informed and believes, and based thereon, alleges once the Application is reviewed and accepted by Defendants, the individual becomes a Consultant, who is purportedly an independent contractor of Defendants, and the Application and the Policies and Procedures constitute the Consultant's agreement with Defendants.

---

[1] *https://www.mollysims.com/blog/2020/09/23/mollys-secret-to-defined-brows/*

[2] *https://www.rodanandfields.com/pages/brow-defining-boost-lp?utm_source=MollySims&utm_medium=pr-multi&utm_content=MollySimsBlog&utm_keyword=&utm_campaign=Brow_Boost*

**COMPLAINT**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

49.     Plaintiff PPI is informed and believes, and based thereon, alleges Defendants' Consultants can earn a profit every time they sell a product to a customer. The more of Defendants' cosmetic skincare products the Defendants' Consultants sells at the suggested price points, the more the Defendants' Consultants earn. Defendants' Consultants also earn commissions on sales by other Defendants' Consultants or Preferred Customers they sponsor.

50.     Plaintiff PPI is informed and believes, and based thereon, alleges some Defendants' Consultants sell Defendants' cosmetic skincare products full time, earning tens or hundreds of thousands of dollars each year while others sell Defendants' cosmetic skincare products part time as a hobby or to supplement their income.

51.     Plaintiff PPI is informed and believes, and based thereon, alleges Defendants' Consultants also receive special, discounted pricing, which they may use to purchase their own cosmetic skincare products from Defendants, and they are invited to participate in various, optional sponsored support, training, promotional, and incentive programs. These programs provide additional sales support and training to Defendants' Consultants and give them an opportunity to earn trips and other rewards in celebration of their achievements.

52.     Plaintiff PPI is informed and believes, and based thereon, alleges Defendants' Consultants sell Defendants' cosmetic skincare products through various channels of trade. For example, they sell to friends and family, and to neighbors, co-workers, and acquaintances, using personal relationships and networking while other host home parties to sell Defendants' cosmetic skincare products.

53.     Plaintiff PPI is informed and believes, and based thereon, alleges many Defendants' Consultants also have their own personal RODAN & FIELDS web portal, which serves as public "storefronts" for customers to learn about and order Defendants' cosmetics skincare products.

54.     Of particular importance in this matter is the marketing efforts by Defendants' Consultants on social media, such as Facebook, Twitter, Instagram, and LinkedIn.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

55.    Plaintiff PPI is informed and believes, and based thereon, alleges these social media websites have tens of thousands of postings by Defendants' Consultants concerning, specifically, the INFRINGING PRODUCT.

56.    What is most concerning and damaging to Plaintiff PPI is the utilization of the hashtag #BROWBOOST by Defendants' Consultants to identify and/or direct attention to Defendants' INFRINGING PRODUCT on social media.

57.    Plaintiff PPI is informed and believes, and based thereon, alleges a hashtag is a metadata tag that is prefaced by the hash symbol, #. Hashtags are widely used on social media sites such as Facebook, Twitter, Instagram, and LinkedIn as a form of user-generated tagging that enables cross-referencing of content sharing a subject or theme – in this case, the subject is Defendants' INFRINGING PRODUCT being marketed and sold by Defendants and Defendants' Consultants.

58.    Defendants' Consultants have completely flooded social media with the #BROWBOOST hashtag to the point Plaintiff PPI's social media presence has been diluted into non-existence.

59.    Plaintiff PPI is informed and believes, and based thereon, alleges Defendants' Consultants causing this harm to Plaintiff utilizing social media include Level I Consultants all the way up to Level V Consultants/Elite Consultants throughout the United States including *Eileen Pineiro Castro* from Lithia Florida, *Jolene Jashurek* from Freeport, Florida, *Linda Sims* from San Francisco, California, *Megan Bancroft* from South Lyon, Michigan, and *Tori Worthington Rose* from Knoxville, Tennessee. The aforementioned individuals are but a miniscule sample of Defendants' 300,000+ Consultants in the 50 United States, the District of Columbia, and Guam.

60.    As a direct and proximate result of Defendants' misconduct alleged hereinabove, Plaintiff PPI has been substantially harmed.

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. § 1114

## BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

61.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 60, inclusive, and incorporates them by reference herein.

62.    As herein alleged, Defendants' willful, deliberate, and unauthorized use of Plaintiff PPI's registered and incontestable BROW BOOST TRADEMARK has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff PPI, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

63.    As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

64.    Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK.

65.    Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff PPI.

66.    As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

67.    In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

68.    Plaintiff PPI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

69.    The damages sustained by Plaintiff PPI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

#### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

70.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 69, inclusive, and incorporates them by reference herein.

71.    As herein alleged, Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK in connection with their purported offering for sale and selling of an exact or substantially similar cosmetic product constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' exploitation suggests a false designation of the origin of the goods that they are purporting to sell.

72.    As a direct and legal result Defendants' unauthorized use of the BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI and Plaintiff PPI's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

73.    Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK, unless restrained and enjoined by this Court.

74.    Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff PPI.

75.    As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to receive compensation

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

arising from Plaintiff PPI's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

76.    In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

77.    Plaintiff PPI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

### THIRD CAUSE OF ACTION

**FEDERAL TRADEMARK DILUTION**

**IN VIOLATION OF 15 U.S.C. § 1125(c)(1)**

**BY PLAINTIFF PPI AGAINST ALL DEFENDANTS**

78.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 77, inclusive, and incorporates them by reference herein.

79.    Plaintiff PPI is informed and believes and thereon alleges that, notwithstanding Defendants' knowledge of Plaintiff's federal registration and common law rights in the BROW BOOST TRADEMARK, Defendants have commercially used, exploited reproduced, copied, or colorably imitated the BROW BOOST TRADEMARK, in connection with the sale, offering for sale, distribution and/or advertising of exact or substantially similar cosmetic product in a manner which has caused and will likely continue to cause confusion, mistake, or deception among the purchasing public as to the source of the Defendants' INFRINGING PRODUCT.  Not only have Defendants used the identical mark in commerce, but they have also used it for the identical or substantially identical product.  Defendants' conduct in this regard is likely to dilute the distinctive qualities of Plaintiff PPI's BROW BOOST TRADEMARK by lessening the capacity of such a trademark to identify and distinguish Plaintiff PPI's product in the marketplace, and has resulted in an actual present injury to Plaintiff PPI and its BROW BOOST TRADEMARK, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

80.    As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

81.     Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK. Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

82.     As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion, in an amount to be proven at the time of Trial.

83.     In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

84.     Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

85.     The damages sustained by Plaintiff PPI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## FOURTH CAUSE OF ACTION

## CONTRIBUTORY TRADEMARK INFRINGEMENT
## BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

86.     Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 85, inclusive, and incorporates them by reference herein.

87.     Plaintiff PPI is the owner and registrant of the BROW BOOST TRADEMARK.

88.     Defendants have provided or caused to be provided to co-Defendant SIMS the INFRINGING PRODUCT with knowledge, expectation, and/or intention Defendant SIMS would use the INFRINGING PRODUCT in connection with the marketing,

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

offering for sale, and sale of the INFRINGING PRODUCT.

89.    Defendants, including Defendant SIMS have not been granted any right to use Plaintiff PPI's BROW BOOST TRADEMARK in the United States or elsewhere.

90.    Defendants SIMS' unauthorized use and exploitation of the INFRINGING PRODUCT bearing Plaintiff PPI's BROW BOOST TRADEMARK supplied by Defendants have caused and/or are likely to cause confusion or mistake, or to deceive consumers regarding the source, sponsorship, and/or affiliation of the INFRINGING PRODUCT.

91.    Defendants have intentionally induced or contributed to or knowingly participated in the infringement of Plaintiff PPI's BROW BOOST TRADEMARK by Defendants' Consultants and influencers such as Defendant SIMS.

92.    Defendants have acted willfully and deliberately and have profited from the infringement of Plaintiff PPI's BROW BOOST TRADEMARK.

93.    As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

94.    Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK. Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

95.    As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion, in an amount to be proven at the time of Trial.

96.    In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

be proven at the time of Trial.

97.    Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

98.    The damages sustained by Plaintiff PPI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## FIFTH CAUSE OF ACTION

### TRADEMARK INFRINGEMENT IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 14200, *ET SEQ.*

### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

99.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 98, inclusive, and incorporates them by reference herein.

100.    As herein alleged, Defendants' willful, deliberate, and unauthorized use of the PPI TRADEMARKS has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff PPI, in violation of California Business & Professions Code § 14245(a)(1).

101.    As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.

102.    Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

103.    As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of Trial.

104.   In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

105.   Plaintiff is further entitled to punitive damages, injunctive relief, destruction of all materials bearing Plaintiff PPI's BROW BOOST TRADEMARK, and/or recall the goods bearing the Plaintiff PPI's BROW BOOST TRADEMARK, and to all other and further forms of relief this Court deems appropriate.

**SIXTH CAUSE OF ACTION**

**TRADEMARK DILUTION IN VIOLATION OF**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 14200, *ET SEQ.***

**BY PLAINTIFF PPI AGAINST ALL DEFENDANTS**

106.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 105, inclusive, and incorporates them by reference herein.

107.   Plaintiff PPI is informed and believes and thereon alleges that, notwithstanding Defendants' knowledge of Plaintiff's federal registration, and common law rights in the BROW BOOST TRADEMARK, Defendants have commercially used, reproduced, copied, or colorably imitated Plaintiff PPI's BROW BOOST TRADEMARK, in connection with the exploitation, sale, offering for sale, distribution and/or advertising of identical and/or similar cosmetic products in a manner which has caused and will likely continue to cause confusion, mistake, or deception among the purchasing public as to the source of the cosmetic products.   Specifically, Defendants have used Plaintiff PPI's BROW BOOST TRADEMARK in commerce to offer for sale and sell of the INFRINGING PRODUCT.

108.   Not only have Defendants used the identical mark in commerce, but they have also used it for the identical or substantially similar cosmetic products.  Defendants' conduct in this regard is likely to dilute the distinctive qualities of Plaintiff PPI's BROW BOOST

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

TRADEMARK by lessening the capacity of such mark to identify and distinguish Plaintiff PPI's cosmetic products in the marketplace, and has resulted in an actual present injury to Plaintiff PPI's BROW BOOST TRADEMARK, in violation of California Business & Professions Code §§ 14200, *et seq*.

109.   As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's BROW BOOST TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

110.   Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff's PPI TRADEMARKS.  Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

111.   As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to injunctive relief in accordance with California Business & Professions Code § 14250, and to all other and further forms of relief this Court deems appropriate.

### SEVENTH CAUSE OF ACTION

### FALSE ADVERTISING IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ*.

### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

112.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 111, inclusive, and incorporates them by reference herein.

113.   The actions of Defendants herein alleged are unfair and unlawful, and also violate California Business and Professions Code §§ 17500, *et seq*.

114.   As a result of the Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the INFRINGING PRODUCT being wrongfully exploited, marketed, advertised, and

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

sold by Defendants bearing Plaintiff PPI's BROW BOOST TRADEMARK.

115.   Defendants knew the advertising was untrue and misleading and willfully continued to advertise and sell the INFRINGING PRODUCT to consumers.

116.   As a result of the above-described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff PPI and consumers in California and the United States.

117.   As a further result of the above-described conduct, Plaintiff PPI has been, and will continue to be, unjustly deprived of the full value of the goodwill associated with Plaintiff PPI's BROW BOOST TRADEMARK.

118.   The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff PPI, its business, its reputation, and its goodwill.

119.   Plaintiff PPI has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA
## BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*
## BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

120.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 119, inclusive, and incorporates them by reference herein.

121.   Defendants as alleged herein have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.

122.   The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

Unlawful:    Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to, they constitute: the infringement of Plaintiff PPI's trademark rights.

Unfair:       Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another.  Plaintiff PPI's injuries resulting from the above-described conduct, in particular the use and exploitation of Plaintiff PPI's BROW BOOST TRADEMARK to steal consumers is substantial; the injury is not outweighed by any offsetting consumer or competitive benefits of that practice.  As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

123.   Plaintiff PPI is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

124.   The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff PPI.

125.   Plaintiff PPI has no adequate remedy at law for the injuries that have been or will continue to be sustained.

126.   Plaintiff PPI has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PPI prays that this Court enter judgment in its favor and against Defendants as follows:

## ON THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION
## (Trademark Infringement)

1.    That it be found Plaintiff PPI's BROW BOOST TRADEMARK has been infringed by Defendants' acts under 15 U.S.C. §§ 1114 and 1125;

2.    That it be found that Defendants, and each of them, have unfairly competed with

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

Plaintiff in violation of 15 U.S.C. § 1125 and California Business and Professions Code §§ 17200, *et seq*.;

3.     That it be found that Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for their acts of federal trademark infringement, dilution, and unfair competition, and these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and Plaintiff PPI be awarded its reasonable attorneys' fees;

4.     That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and Plaintiff PPI further recover punitive damages because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

5.     That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

   a.     Using any combination, reproduction, counterfeit, copy, or colorable imitation of the BROW BOOST TRADEMARK in connection with the advertising, distribution, offering for sale, or sale of cosmetics products, the same or similar to those offered by Plaintiff PPI, or likely to be confused with those of Plaintiff PPI, or likely to injure Plaintiff PPI's business, reputation, or the reputation of the BROW BOOST TRADEMARK;

   b.     Using any combination, reproduction, counterfeit, copy or colorable imitation of the BROW BOOST TRADEMARK in any manner likely to cause confusion, to cause mistake, or to deceive the public;

   c.     Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff PPI under a name or mark the same as or similar to Plaintiff PPI's BROW BOOST TRADEMARK;

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

d.  Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff PPI;  and

e.  Otherwise competing unfairly with Plaintiff PPI in any manner, including, but not limited to, infringing usage of Plaintiff PPI's BROW BOOST TRADEMARK, or any confusingly similar marks.

6.  That Defendants, and each of them, be required to deliver up to Plaintiff PPI for destruction, any and all materials which infringe Plaintiff PPI's BROW BOOST TRADEMARK in Defendants' possession and/or under their control;

7.  That Defendants be required to deliver up to Plaintiff PPI for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under their control displaying or exploiting Plaintiff PPI's BROW BOOST TRADEMARK;

8.  That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff PPI, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction; and

9.  Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH CAUSE OF ACTION

### (Trademark Infringement in Violation of

### California Business and Professions Code § 14200)

10.  That it be found Plaintiff's PPI TRADEMARKS have been infringed by Defendants' acts under California Business & Professions Code § 14200, *et seq.*;

11.  That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for their acts of trademark infringement in violation of California Business & Professions Code §§ 14200, *et seq.*;

12.  That it be found Plaintiff PPI is entitled to recover damages from Defendants, and

each of them, for Defendants' acts of unfair competition and unjust enrichment, and that Plaintiff PPI further recover punitive damages under California law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

13.     That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

a.     Using any combination, reproduction, counterfeit, copy, or colorable imitation of Plaintiff PPI's BROW BOOST TRADEMARK in connection with the advertising, distribution, offering for sale, or sale of cosmetic products, the same or similar to those offered by Plaintiff PPI, or likely to be confused with those of Plaintiff PPI, or likely to injure Plaintiff's business, reputation or the reputation of Plaintiff PPI's BROW BOOST TRADEMARK;

b.     Using any combination, reproduction, counterfeit, copy or colorable imitation of Plaintiff PPI's BROW BOOST TRADEMARK in any manner likely to cause confusion, to cause mistake, or to deceive the public;

c.     Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff under a name or mark the same as or similar to Plaintiff PPI's BROW BOOST TRADEMARK;

d.     Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff PPI; and

e.     Otherwise competing unfairly with Plaintiff PPI in any manner, including, but not limited to, infringing usage of Plaintiff PPI's BROW BOOST TRADEMARK, or any confusingly similar marks.

14.     That Defendants, and each of them, be required to deliver up to Plaintiff PPI for

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

destruction, any and all materials which infringe Plaintiff PPI's BROW BOOST TRADEMARK in Defendants' possession and/or under their control;

15.     That Defendants be required to deliver up to Plaintiff PPI for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under its control displaying or exploiting Plaintiff PPI's BROW BOOST TRADEMARK;

16.     That Defendants be required to supply Plaintiff PPI with a complete list of entities or individuals to whom they have offered for sale cosmetic products bearing Plaintiff PPI's BROW BOOST TRADEMARK, or any confusingly similar marks, and be required to contact such entities, inform them that such goods are no longer for sale and may no longer be offered for sale, and providing them with the means of blacking-out the offerings of such goods in their advertising materials;

17.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SIXTH CAUSE OF ACTION

### (Trademark Dilution in Violation of

### California Business and Professions Code § 14200)

18.     That it be found that Plaintiff PPI's BROW BOOST TRADEMARK have been infringed by Defendants' acts under California Business & Professions Code §§ 14200, *et seq.*;

19.     That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for their acts of trademark infringement in violation of California Business & Professions Code §§ 14200, *et seq.*;

20.     That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and that Plaintiff PPI further recover punitive damages under California law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

21.     That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

concert or participation with them now and in the future, be enjoined from:

a. Using any combination, reproduction, counterfeit, copy, or colorable imitation of Plaintiff PPI's BROW BOOST TRADEMARK in connection with the advertising, distribution, offering for sale, or sale of cosmetic products, the same or similar to those offered by Plaintiff PPI, or likely to be confused with those of Plaintiff PPI, or likely to injure Plaintiff's business, reputation, or the reputation of Plaintiff PPI's BROW BOOST TRADEMARK;

b. Using any combination, reproduction, counterfeit, copy or colorable imitation of Plaintiff PPI's BROW BOOST TRADEMARK in any manner likely to cause confusion, to cause mistake, or to deceive the public;

c. Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff PPI under a name or mark the same as or similar to Plaintiff PPI's BROW BOOST TRADEMARK;

d. Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff PPI;  and

e. Otherwise competing unfairly with Plaintiff PPI in any manner, including, but not limited to, infringing usage of Plaintiff PPI's BROW BOOST TRADEMARK, or any confusingly similar marks.

22.   That Defendants, and each of them, be required to deliver up to Plaintiff PPI for destruction, any and all materials which infringe Plaintiff PPI's BROW BOOST TRADEMARK in Defendants' possession and/or under their control;

23.   That Defendants be required to deliver up to Plaintiff PPI for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under its control displaying or exploiting Plaintiff PPI's BROW BOOST TRADEMARK;

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

24.    That Defendants be required to supply Plaintiff PPI with a complete list of entities or individuals to whom they have offered for sale cosmetic products bearing Plaintiff PPI's BROW BOOST TRADEMARK, or any confusingly similar marks, and be required to contact such entities, inform them that such goods are no longer for sale and may no longer be offered for sale, and providing them with the means of blacking-out the offerings of such goods in their advertising materials;

25.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SEVENTH CAUSE OF ACTION

### (Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

26.    For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

27.    For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

28.    For attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

29.    For an award of damages according to proof at the time of trial; and

30.    For such other and further relief at law or in equity, which the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

## ON THE EIGHTH CAUSE OF ACTION

### (Unfair Competition in Violation of

### California Business & Professions Code §§ 17200, *et seq*.)

31.     For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

32.     For an order that Defendants restore to the general public all funds acquired through their infringing activities which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

33.     Attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

34.     For an award of restitution according to proof at the time of trial; and

35.     Such other and further relief at law or in equity, to which the Court deems just and proper.

Dated:  April 5, 2021

BERSTEIN LAW, PC

_David A. Berstein_

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
Petunia Products, Inc.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  April 5, 2021

BERSTEIN LAW, PC

_David A. Berstein_

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
Petunia Products, Inc.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660