David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff PETUNIA PRODUCTS, INC.
dba BILLION DOLLAR BROWS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RODAN & FIELDS, LLC, a Delaware limited liability company; MOLLY SIMS, an individual; and DOES 1 through 20,<br><br>Defendants. | Case No. 8:21-cv-00630-CJC-ADS<br><br>Assigned to:<br>Honorable Judge Cormac J. Carney<br><br>**PLAINTIFF'S <u>OPPOSITION</u> TO DEFENDANT MOLLY SIMS' MOTION TO DISMISS REMAINING CLAIMS**<br><br>Hearing Date: August 16, 2021<br>Time: 1:30 P.M.<br>Court Room: 9B |

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:** Plaintiff PETUNIA PRODUCTS, INC. dba BILLION DOLLAR BROWS (hereinafter "PPI" and/or "Plaintiff") hereby submits this Opposition to Motion to Dismiss Remaining Claims brought by Defendant MOLLY SIMS (hereinafter "Sims").

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF OPPOSITION

### I.   INTRODUCTION

The allegations against Defendant Sims layout sustainable claims for both direct and contributory infringement. The allegations plead Defendant Sims directly infringes through the use of her own website and social media platforms. Further, the allegations plead Defendant Sims' conduct, additionally, constitutes contributory infringement, as it is meant to induce further infringement by her followers and Defendant RODAN & FIELDS, LLC's ("R+F") "Consultants" (Defendants Sims and R+F are hereinafter referred to collectively as "Defendants").

As such, this Court should deny Defendant Sims' Motion, pursuant to its authority under Rule 12(b)(6), as the allegations are factually plausible.

Such a ruling would be consistent with the manner in which the Court is to construe the Complaint and the appropriate inferences the Court should draw in doing so. Although Defendant Sims attempts to both trivialize and mischaracterize her conduct, here, such is sufficiently pleaded to be both deliberate infringement and intended to induce other to engage in the same conduct.

Therefore, Defendant Sims' Motion should be denied.

### II.   ALLEGATIONS

Plaintiff PPI owns the incontestable BROW BOOST® trademark, which it uses in connection with its brow primer and conditioner product to create a foundation for consumers' brow cosmetic use. (Dkt. 1 at ¶¶ 14 – 16). Defendant R+F released a product called "Brow Defining Boost". (Dkt. 1 at ¶ 23). This product, released by Defendant R+F utilizes the BROW BOOST® mark on its packaging and in its marketing in such a manner actual/potential consumers are/were likely to be confused and/or actually deceived by the Defendants' use of it. (Dkt. 1 at ¶¶ 23 – 25).

On or about August 11, 2020, Plaintiff PPI provided notice to Defendant R+F their use of the BROW BOOST® mark infringed upon Plaintiff PPI's rights and Defendants

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**OPPOSITION TO DEFENDANT MOLLY SIMS' MOTION TO DISMISS REMAINING CLAIMS**

were to stop their use immediately. (Dkt. 1 at ¶ 26). However, rather than comply, Defendant R+F intentionally infringed upon Plaintiff PPI's trademark rights through both a "key word" marketing campaign and influencer campaign, utilizing model Defendant Sims. (See Dkt. 1 at ¶¶ 29 – 45).

As part of an online marketing campaign, Defendant R+F "sponsored" (i.e., contracted with Defendant Sims to use Defendant Sims' reputation, authority, knowledge, reach, and/or relationship with her social media audience (i.e., "influence") to further infringe upon the BROW BOOST® mark. (Dkt. 1 at ¶¶ 41 – 43). Specifically, on or about September 20, 2021, approximately a month after Defendants received notice their conduct was infringing, Defendant Sims, clearly as part of a "partnership" with Defendant R+F, posted to her website and social media, further infringing material. (Dkt. 1 at ¶¶ 43).

From the content of Defendant Sims' social media post on September 20, 2020, it becomes obvious Defendant Sims' "opinion" of the infringing product was not something she just so happened to come across—it reads like a press release (because that is what it is—a press-release jointly put out by Defendant R+F and their hired "influencer" Defendant Sims). (Dkt. 19-2, Ex. A). The use of this press release of "Brow Defining Boost" demonstrates an intent to dilute the effectiveness of Plaintiff PPI's BROW BOOST® mark as a source identifier. *Id.* Further, the "Here's how I use the Brow Defining Boost" and "I've also learned a few tricks and tips while I've been using this product" sections of the post create a false association and source confusion as Defendants' use of the BROW BOOST® mark has no proximity to any indicator that might source it to Defendant R+F (as if such alone would entirely mitigate source confusion, as Defendant boldly contends in her Motion). *Id.*

Once the ad is posted, Defendants implement modern advertising efforts—which consist of social-media posts and "hashtagging" to induce others on shared platforms to share, re-post, and hashtag the infringing conduct. (Dkt. 1 at ¶¶ 46 – 60). In fact, as alleged, Defendants have over 300,000 enrolled "Consultants" in the United States alone

OPPOSITION TO DEFENDANT MOLLY SIMS' MOTION TO DISMISS REMAINING CLAIMS

who operate as the primary source of domestic sales for Defendants. (Dkt. 1 at ¶ 46). These, "Consultants," who operate on social-media platforms such as Facebook, Twitter, Instagram, and LinkedIn, further infringe by spreading the posts and "hashtag (#)"— having been induced to do so by Defendants including Sims. (Dkt. 1 at ¶¶ 54 – 60).

This conduct makes all Defendants, including Defendant Sims, both direct and contributory infringers, as sufficiently alleged.

## III.   ARGUMENT

A Rule 12(b)(6) Motion tests the legal sufficiency of a claim. *Strom v. United States*, 641 F. 3D 1051, 1067 (9th Cir. 2011). The facts alleged need only state a "factually plausible" claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010).

At this stage, any ambiguity in documents must be resolved in plaintiff's favor. *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1102 (D. AZ. 2003). A Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally". *Doe v. United States*, 419 F. 3d 1058, 1062 (9th Cir. 2005). A court must assume that all general allegations "embrace *whatever specific facts* might be necessary to support them. *Peloza v. Capistrano Unified School Dist.*, 37 F. 3d 517, 521 (9th Cir. 1993) (emphasis added).

### A.   THE ALLEGATIONS PLEAD A PLAUSIBLE CLAIM FOR DIRECT INFRINGEMENT AGAINST DEFENDANT SIMS.

Defendant Sims is a direct infringer and such has been sufficiently alleged in Plaintiff PPI's Complaint.

Direct infringement of a registered mark under the Lanham Act is triggered by use of an infringing mark in interstate or foreign commerce in connection with the sale, distribution, or advertising of goods or services. See Lanham Act § 32(1), 15 U.S.C. § 1114(1). The phrase "offering for sale" in Lanham Act § 32(1), 15 U.S.C. §1114(1) means that the defendant need not be proven to be in possession of infringing or

counterfeit foods at the time of offer of sale or that the defendant made an actual sale—"[a]n offer to sell without more will suffice to establish liability." *Levi Strauss & Co. v. Shilon*, 121 F. 3d 1309, 1312 (9th Cir. 1997).

Merely advertising using an infringing mark is itself a separate act of infringement. *Vuitton Et. Fils, S.A. v. Crown Handbags*, 492 F. Supp. 1071, 1076 (S.D. N.Y. 1979), aff'd 622 F. 2d 577 (2d Cir. 1980).

Here, it is alleged that Defendant Sims advertised using the infringing mark on her website and through her social media. This advertising consisted of infringing uses on Defendant Sims "blog" as well as <u>posting direct links to Defendant R+F's website</u> where the infringing product is offered for sale. The mere advertising of the product would constitute its own violation of the Lanham Act, however Plaintiff PPI has actually alleged two (2), as Defendant Sims providing a link for consumers to purchase the infringing product also, in and of itself, constitutes an offer for sale.  As such, a plausible claim based on direct infringement has been alleged against Defendant Sims.

The gist of Defendant Sims' argument seems to be that if one were to view the post in question, it would be "clear" that no one could be confused. Thus, Defendant Sims requests this Court draw an inappropriate inference in her favor, on what should be a question of fact to be determined by a jury. Moreover, Defendant Sims seems to be suggesting the mere inclusion of reference to Defendant R+F somehow means there can be no likelihood of confusion as a matter of law. However, it has long since been decided it is no defense for a junior user to argue placing its own company name adjacent to the senior mark user's mark avoids likelihood of confusion. *Mendez v. Holt*, 128 U.S. 514, 521, 9 S. Ct. 143, 32 L. Ed. 526 (1888).

Defendant Sims' reliance on *Tiffany (NJ), Inc. v. eBay, Inc.* is misplaced by the apparent factual distinction that Defendant Sims does not represent a platform whereby third-party sellers are infringing, rather, she, herself, is alleged to be infringing.

Finally, Defendant Sims contention of "dramatic implications for inhibiting legitimate commentary" are not well taken. Defendant Sims advertising and offering for

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**OPPOSITION TO DEFENDANT MOLLY SIMS' MOTION TO DISMISS REMAINING CLAIMS**

sale are not commentary, they are clearly contracted for advertisements and endorsements, as is alleged in the Complaint. Any inference to the contrary would be factually inaccurate and, at the very least, inappropriate on this Motion.

Therefore, Plaintiff PPI has sufficiently alleged claims for direct infringement and Defendant Sims' Motion should be denied.

**B.  THE ALLEGATIONS PLEAD A PLAUSIBLE CLAIM FOR CONTRIBUTORY INFRINGEMENT AGAINST DEFENDANT SIMS.**

Defendant Sims has committed contributory infringement and such has been sufficiently alleged in Plaintiff PPI's Complaint.

Liability for contributory infringement may extend to a distributor who induces a manufacture to place an infringing mark on goods. See *Bauer Lamp Co., Inc. v. Shaffer*, 941 F. 2d 1165, 1171 (11th Circ. 1991). Contributory infringement may also extend to a distributor who sells through a network of retailers who infringe a trademark. *Comerica Bank v. Enagic Co. Ltd.*, 2017 WL 5592890 at pg. 3 (E.D. Mich 2017). Further, liability may extend to those who assist in preparing false advertising. *Grant Airmass Corp. v. Gaynar Industries, Inc.* 645 F. Supp. 1507, 1512 (S.D. N.Y. 1986).

To be liable for contributory infringement, a defendant must have either intentionally induced the primary infringer to infringe or continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982).

Here, it is alleged that Defendant Sims induced her followers to share a link where infringing products were offered for sale. Additionally, it is alleged her advertisements were meant to induce Defendant R+F's "Consultants" to use her false advertisement to advertise infringing goods for sale. Defendant Sims' followers and Defendant R+F's "Consultants" represent direct infringers, induced to infringe by both Defendants, who made such inducements <u>after</u> notice their activities were infringing.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

As such, Plaintiff PPI has sufficiently pleaded claims of contributory infringement and, thus, Defendant Sims' Motion should be denied.

**C.   PLAINTIFF PPI SUFFICIENTLY PLEADS CLAIMS FOR VIOLATIONS OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE §§ 17500, *ET SEQ.* AND 17200, *ET SEQ.***

Plaintiff PPI adequately pleads claims for false advertising and unfair competition under California's Business and Professions Code.

To begin, as Defendant Sims has pointed out, the conduct which makes up the allegations against her, as it pertains to her trademark infringement, are alleged to make up her false advertising as well. However, Plaintiff PPI's infringement claims are adequately pleaded and, further, adequately plead that Defendant Sims' conduct includes making false representations in advertising. Finally, Defendant Sims' intent here is immaterial, as Section 17500 contemplates negligent, as well as intentional, dissemination of misleading advertising. *Feather River Trailer Sales, Inc. v. Sillas*, 96 Cal. App. 3d 234, 247 (1979).

Additionally, the fifth "wrong" proscribed by Section 17200 is "[a]ny act prohibited by…Section 17500". Cal. Bus. & Prof. Code § 17200. Thus, "[a]ny violation of the false advertising law…necessarily violates [Section 17200]". *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002).

Therefore, Plaintiff PPI adequately pleads its claims under California's Business and Professions Code and, as such, Defendant Sims' Motion should be denied.

**D.   LEAVE TO AMEND.**

In the event the Court grants Defendant Sims' current Motion, in whole or in part, leave to amend should be granted to Plaintiff PPI.

Federal Rule of Civil Procedure 15(a) severely restricts a Court's discretion to dismiss without leave to amend, thus, where a more carefully-drafted Complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

before the district court dismisses the action with prejudice. *National Council of La Raza v. Chegavske*, 800 F. 3d 1032, 1041 (9th Cir. 2015).

Here, as Defendant Sims has failed to demonstrate, and Plaintiff PPI has given no reason to conclude, that amendment would be futile, if the Court grants Defendant Sims' Motion, then leave to amend is requested, and should be granted.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff PPI respectfully requests the Motion to Dismiss Remaining Claims be denied *in toto*.

Dated: July 26, 2021

Respectfully submitted,

BERSTEIN LAW, PC

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
Petunia Products, Inc.

OPPOSITION TO DEFENDANT MOLLY SIMS' MOTION TO DISMISS REMAINING CLAIMS

## DECLARATION OF ELECTRONIC SERVICE

### Central District of California Case No. 8:21-cv-00630-CJC-ADS

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5-3.2.1, which provides: "Upon the electronic filing of a document, a 'Notice of Electronic Filing' ("NEF") will be automatically generated by the CM/ECF system and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R. Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served".

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 26, 2021, at Newport Beach, California.

By: /s/ David A. Berstein

David A. Berstein