KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
RYAN T. BRICKER (State Bar No. 269100)
rbricker@kilpatricktownsend.com
San Francisco, CA  94111
Telephone:  415 576 0200
Facsimile:   415 576 0300

Attorneys for Defendants
RODAN + FIELDS, LLC and MOLLY SIMS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RODAN & FIELDS, LLC, a Delaware limited liability company; MOLLY SIMS, an individual; and DOES 1 through 20,<br><br>Defendants. | Civil Action No. 8:21-cv-00630-CJC-ADS<br><br>**MOLLY SIMS' ANSWER AND DEFENSES TO COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed:    April 5, 2021<br><br>Judge:  Hon. Cormac J. Carney |

Defendant Molly Sims ("Ms. Sims") (also "Defendant") answers and defends Petunia Products, Inc.'s Complaint for Damages (Dkt. 1) ("Complaint") as follows:

To the extent not expressly admitted, Ms. Sims denies all allegations in the Complaint. To the extent allegations in the Complaint are organized under headings, Ms. Sims has reproduced such headings, but deny each and every allegation made or implied by such headings.

## PARTIES

1.      Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies each and every allegation.

2.      Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies each and every allegation.

3.      Ms. Sims admits the allegations in paragraph 3 of the Complaint.

4.      Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies each and every allegation.

5.      Ms. Sims denies each and every allegation contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint does not require an answer.

7.      Ms. Sims denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Ms. Sims admits, in response to paragraph 8 of the Complaint, that the Court has subject matter jurisdiction.

9.      Ms. Sims admits, in response to paragraph 9 of the Complaint, that, for now, the Court has subject matter jurisdiction over the California state law claims.

10.     Ms. Sims admits that she resides in California and does not contest personal jurisdiction in this dispute.  Ms. Sims denies each and every other allegation contained in paragraph 10 of the Complaint.

11.     Ms. Sims admits that she does not contest venue.  Ms. Sims denies each and every other allegation contained in paragraph 11 of the Complaint.

## **GENERAL FACTUAL ALLEGATIONS**

12.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies each and every allegation.

13.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies each and every allegation.

14.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies each and every allegation.

15.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies each and every allegation.

16.     Ms. Sims denies that Petunia has made exclusive use of BROW BOOST.  Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 16 of the Complaint and therefore denies each and every allegation.

17.     Ms. Sims denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Ms. Sims denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Ms. Sims denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Ms. Sims denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Ms. Sims denies each and every allegation contained in paragraph 21 of the Complaint as pertains to her.

22.     Ms. Sims denies each and every allegation contained in paragraph 22 of the Complaint as pertains to her.

23.     Ms. Sims denies each and every allegation contained in paragraph 23 of the Complaint as pertains to her.

24.     Ms. Sims denies each and every allegation contained in paragraph 24 of the Complaint as pertains to her.

25.     Ms. Sims denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Ms. Sims denies each and every allegation contained in paragraph 26 of the Complaint as pertains to her.

27.     Ms. Sims denies each and every allegation contained in paragraph 27 of the Complaint as pertains to her.

28.     Ms. Sims denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Ms. Sims denies each and every allegation contained in paragraph 29 of the Complaint as pertains to her.

30.     Ms. Sims admits that Adwords is a Google advertising product.  Ms. Sims denies each and every other allegation contained in paragraph 30 of the Complaint.

31.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies each and every allegation.

32.     Ms. Sims admits that advertisers often link their advertisements on Google's search service to the advertiser's website such that, if a user clicks on an ad, the user is directed to the advertiser's web site or other web page.  Ms. Sims denies each and every other allegation contained in paragraph 32 of the Complaint.

33.     Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 33 of the Complaint and therefore denies each and every allegation.

34.     Ms. Sims denies each and every allegation contained in paragraph 34 of the Complaint as pertains to her.

35.     Ms. Sims denies each and every allegation contained in paragraph 35 of the Complaint as pertains to her.

36.     Ms. Sims denies each and every allegation contained in paragraph 36 of the Complaint as pertains to her.

37.     Ms. Sims denies each and every allegation contained in paragraph 37 of

the Complaint as pertains to her.

38.   Ms. Sims denies each and every allegation contained in paragraph 38 of the Complaint as pertains to her.

39.   Ms. Sims denies each and every allegation contained in paragraph 39 of the Complaint as pertains to her.

40.   Ms. Sims denies each and every allegation contained in paragraph 40 of the Complaint as pertains to her.

41.   Ms. Sims denies each and every allegation contained in paragraph 41 of the Complaint.

42.   Given the overbreadth and vagueness of the allegations, Ms. Sims is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies each and every allegation.

43.   Ms. Sims denies each and every allegation contained in paragraph 43 of the Complaint.

44.   Ms. Sims admits that she is known as a model and actress, including for *Sports Illustrated* and Victoria's Secret.  Ms. Sims also admits that she operates a website located at www.mollysims.com which speaks for itself.  Ms. Sims denies each and every other allegation contained in paragraph 44 of the Complaint.

45.   Ms. Sims admits that Ms. Sims provided a sponsored review of R+F's brow product at the identified URL on her website and that there is an embedded link in that review that directs to a page on R+F's website.  Ms. Sims denies each and every other allegation contained in paragraph 45 of the Complaint.

46.    Ms. Sims denies each and every allegation contained in paragraph 46 of the Complaint as pertains to her.

47.   Ms. Sims denies each and every allegation contained in paragraph 47 of the Complaint as pertains to her.

48.   Ms. Sims denies each and every allegation contained in paragraph 48 of

1   the Complaint as pertains to her.

2        49.   Ms. Sims denies each and every allegation contained in paragraph 49 of
3   the Complaint as pertains to her.

4        50.   Ms. Sims denies each and every allegation contained in paragraph 50 of
5   the Complaint as pertains to her.

6        51.   Ms. Sims denies each and every allegation contained in paragraph 51 of
7   the Complaint as pertains to her.

8        52.   Ms. Sims denies each and every allegation contained in paragraph 52 of
9   the Complaint as pertains to her.

10       53.   Ms. Sims denies each and every allegation contained in paragraph 53 of
11  the Complaint as pertains to her.

12       54.   Ms. Sims denies each and every allegation contained in paragraph 54 of
13  the Complaint as pertains to her.

14       55.   Ms. Sims denies each and every allegation contained in paragraph 55 of
15  the Complaint as pertains to her.

16       56.   Ms. Sims denies each and every allegation contained in paragraph 56 of
17  the Complaint as pertains to her.

18       57.   Ms. Sims denies each and every allegation contained in paragraph 57 of
19  the Complaint as pertains to her.

20       58.   Ms. Sims denies each and every allegation contained in paragraph 58 of
21  the Complaint as pertains to her.

22       59.   Ms. Sims denies each and every allegation contained in paragraph 59 of
23  the Complaint as pertains to her.

24       60.   Ms. Sims denies each and every allegation contained in paragraph 60 of
25  the Complaint.

26                                    **FIRST CLAIM**

27       61.   Ms. Sims incorporates by reference its Answer to the allegations above
28  in response to paragraphs 1-60 as if they were fully set forth here.

MOLLY SIMS' ANSWER TO COMPLAINT                                      - 6 -
CASE NO. 8:21-cv-00630-CJC-ADS

62.     Ms. Sims denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Ms. Sims denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Ms. Sims denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Ms. Sims denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Ms. Sims denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Ms. Sims denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Ms. Sims denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Ms. Sims denies each and every allegation contained in paragraph 69 of the Complaint.

## SECOND CLAIM

70.     Ms. Sims incorporates by reference its Answer to the allegations above in response to paragraphs 1-69 as if they were fully set forth here.

71.     Ms. Sims denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Ms. Sims denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Ms. Sims denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Ms. Sims denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Ms. Sims denies each and every allegation contained in paragraph 75 of

1    the Complaint.

2        76.    Ms. Sims denies each and every allegation contained in paragraph 76 of

3    the Complaint.

4        77.    Ms. Sims denies each and every allegation contained in paragraph 77 of

5    the Complaint.

6                         **THIRD CLAIM**

7        78.    Ms. Sims incorporates by reference its Answer to the allegations above

8    in response to paragraphs 1-77 as if they were fully set forth here.

9        79.    This claim has been voluntarily dismissed and therefore Ms. Sims

10    denies each and every allegation contained in paragraph 79 of the Complaint.

11        80.    This claim has been voluntarily dismissed and therefore Ms. Sims

12    denies each and every allegation contained in paragraph 80 of the Complaint.

13        81.    This claim has been voluntarily dismissed and therefore Ms. Sims

14    denies each and every allegation contained in paragraph 81 of the Complaint.

15        82.    This claim has been voluntarily dismissed and therefore Ms. Sims

16    denies each and every allegation contained in paragraph 82 of the Complaint.

17        83.    This claim has been voluntarily dismissed and therefore Ms. Sims

18    denies each and every allegation contained in paragraph 83 of the Complaint.

19        84.    This claim has been voluntarily dismissed and therefore Ms. Sims

20    denies each and every allegation contained in paragraph 84 of the Complaint.

21        85.    This claim has been voluntarily dismissed and therefore Ms. Sims

22    denies each and every allegation contained in paragraph 85 of the Complaint.

23                        **FOURTH CLAIM**

24        86.    Ms. Sims incorporates by reference its Answer to the allegations above

25    in response to paragraphs 1-85 as if they were fully set forth here.

26        87.    This claim has been dismissed against Ms. Sims and therefore she

27    denies each and every allegation contained in paragraph 87 of the Complaint as

28    pertains to her.

88.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 88 of the Complaint as pertains to her.

89.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 89 of the Complaint as pertains to her.

90.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 90 of the Complaint as pertains to her.

91.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 91 of the Complaint as pertains to her.

92.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 92 of the Complaint as pertains to her.

93.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 93 of the Complaint as pertains to her.

94.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 94 of the Complaint as pertains to her.

95.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 95 of the Complaint as pertains to her.

96.     This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 96 of the Complaint as pertains to her.

97.     This claim has been dismissed against Ms. Sims and therefore she

denies each and every allegation contained in paragraph 97 of the Complaint as pertains to her.

98.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 98 of the Complaint as pertains to her.

## FIFTH CLAIM

99.   Ms. Sims incorporates by reference its answer to the allegations above in response to paragraphs 1-98 as if they were fully set forth here.

100.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 100 of the Complaint.

101.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 101 of the Complaint.

102.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 102 of the Complaint.

103.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 103 of the Complaint.

104.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 104 of the Complaint.

105.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 105 of the Complaint.

/ / /

## SIXTH CLAIM

106.   Ms. Sims incorporates by reference its answer to the allegations above in response to paragraphs 1-105 as if fully set forth here.

107.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 107 of the Complaint.

108.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 108 of the Complaint.

109.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 109 of the Complaint.

110.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 110 of the Complaint.

111.   This claim has been voluntarily dismissed and therefore Ms. Sims denies each and every allegation contained in paragraph 111 of the Complaint.

## SEVENTH CLAIM

112.   Ms. Sims incorporates by reference their Answer to the allegations above in response to paragraphs 1-111 as if they were fully set forth here

113.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 113 of the Complaint as pertains to her.

114.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 114 of the Complaint as pertains to her.

115.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 115 of the Complaint as pertains to her.

116.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 116 of the Complaint as pertains to her.

117.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 117 of the Complaint as pertains to her.

118.   This claim has been dismissed against Ms. Sims and therefore she denies each and every allegation contained in paragraph 118 of the Complaint as pertains to her.

119.   This claim has been dismissed against Ms. Sims and therefore she

denies each and every allegation contained in paragraph 119 of the Complaint as pertains to her.

## EIGHTH CLAIM

120.   Ms. Sims incorporates by reference their Answer to the allegations above in response to paragraphs 1-119 as if they were fully set forth here

121.   Ms. Sims denies each and every allegation contained in paragraph 121 of the Complaint.

122.   Ms. Sims denies each and every allegation contained in paragraph 122 of the Complaint.

123.   Ms. Sims denies each and every allegation contained in paragraph 123 of the Complaint.

124.   Ms. Sims denies each and every allegation contained in paragraph 124 of the Complaint.

125.   Ms. Sims denies each and every allegation contained in paragraph 125 of the Complaint.

126.   Ms. Sims denies each and every allegation contained in paragraph 126 of the Complaint.

127.   Ms. Sims denies each and every allegation contained in paragraph 127 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

128.   All claims, in whole or in part, fail to state the purported claims that they assert against Ms. Sims.

### Second Affirmative Defense

### (Descriptive and Nominative Fair Use)

129.   Ms. Sims's use of "Brow Defining Use" was not a designation of source.  On the product and in Ms. Sims' blog post, it was clear that R+F was the

source and that Ms. Sims was merely referring to the product as R+F had produced. Ms. Sims made no greater use of "Brow Defining Boost" than was necessary to communicate the characteristics and attributes of the product Ms. Sims was asked to review.  The terms "brow," "defining," and "boost" are all useful terms to fairly convey this information.

## Third Affirmative Defense

## (Acquiescence and Estoppel)

130.   Petunia has permitted more than a dozen third party uses (more similar to Petunia's trademark than "Brow Defining Boost"), some as long ago as 2009, to coexist and to be used without challenge.  Acquiescing in such uses for so long creates reliance by parties adopting new marks that Petunia only asserts rights against identical uses, if any, does not believe that non-identical uses are likely to cause confusion, and does not contend that non-identical terms or marks will indicate Petunia as the source of products.  Having so led the public and competitors to believe, Petunia is estopped from asserting that Ms. Sims's use of 'Brow Defining Boost' is infringing.

## Fourth Affirmative Defense

## (Limitation on Remedies)

131.   If Ms. Sims infringed Petunia's trademark in any respect, the infringement was innocent and is subject to the limitations on remedies set forth in 15 USC §1114(2)(B).

## Fifth Affirmative Defense

## (Absence of Control)

132.   To the extent that Ms. Sims is held to have used any trademark in commerce by virtue of "advertising" on R+F's behalf, she lacks any control or involvement in the alleged infringement.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

Ms. Sims denies that Petunia is entitled to any relief of any kind whatsoever. Ms. Sims prays that judgment be entered against Petunia on all its claims for relief and that, as this is an exceptional case, Petunia be ordered to pay Ms. Sims her attorneys' fees, costs and expenses incurred in connection with this action.

DATED:  September 7, 2021       Respectfully submitted,

                                KILPATRICK TOWNSEND & STOCKTON LLP


                                By:    */s/Gregory S. Gilchrist*
                                       GREGORY S. GILCHRIST

                                Attorneys for Defendants
                                RODAN + FIELDS LLC and MOLLY SIMS

## DEMAND FOR JURY TRIAL

Molly Sims demands that this action be tried to a jury.

DATED:  September 7, 2021       Respectfully submitted,

                                KILPATRICK TOWNSEND & STOCKTON LLP


                                By:*/s/Gregory S. Gilchrist*
                                    GREGORY S. GILCHRIST

                                Attorneys for Defendants
                                RODAN + FIELDS LLC and MOLLY SIMS

75138416v.1